IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LBCMT 2007-C3 URBANA PIKE, LLC, *et al.* *

    **Plaintiffs** *

v.

                                  *   CIVIL NO. JKB-12-3056

**ERIC D. SHEPPARD,**[1] *et al.*

    **Defendants** *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

An entry of default by the Clerk was entered against Eric D. Sheppard on January 23, 2013, and against Philip Wolman on February 22, 2013. (ECF Nos. 7, 9.) Plaintiffs received two extensions of time to file motions for default judgment (ECF Nos. 13, 15), but before they did so, both Defendants, through counsel, filed a motion to set aside the Clerk's entries of defaults against them (ECF No. 18). Plaintiffs have opposed the motion (ECF No. 25) and have also opposed Sheppard's *pro se* motion for extension of time in which to answer (ECF Nos. 16, 19). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). Defendants' motions will be granted, but Defendants are put on notice that failure to meet future court deadlines will place them at risk of another default being entered against them.

Rule 55(c) of the Federal Rules of Civil Procedure permits a district court to set aside an entry of default for good cause. The Fourth Circuit has provided guidance as to how a district court determines whether good cause exists:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the

---

[1] Mr. Sheppard was named in the complaint as "Eric Shepard." In his *pro se* request for extension of time (ECF No. 16) and in his counsel's filed motion to set aside the entry of default (ECF No. 18), his name is spelled "Sheppard." The Clerk will be directed to correct the spelling of his name on the Court's docket.

> prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). Further, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). Thus, both Rule 55(c) and Rule 60(b) "are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). If any doubt exists as to whether relief should be granted, it is to be "resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

Defendants state they have a meritorious defense if not to all of Plaintiffs' complaint, at least to the majority of it. Plaintiffs' case is premised upon Defendants' personal liability as guarantors for the debt of a business entity with which they are involved. Plaintiffs allege that Defendants' guaranty extends not only to the principal and interest and associated sums of the entity's debt, but also to other debts. Defendants, on the other hand, argue that proper interpretation of the relevant documents requires the conclusion that Defendants' guaranty is nowhere near as broad as Plaintiffs allege. Thus, even if one applies the principle that a default results in a concession of factual allegations, that concession does not govern the outcome here, which will turn on conclusions of law, *i.e.*, on the interpretation of contracts; a defaulting defendant is not held to admit conclusions of law. *See Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780-81 (4th Cir. 2001) (citing *Thomson v. Wooster*, 114 U.S. 104, 113 (1885)). *See also Frahm v. United States*, 492 F.3d 258, 261-62 (4th Cir. 2007) (interpretation of contract is question of law). Even if the defaults were maintained, this Court would still be charged with the responsibility of interpreting the contracts between Plaintiffs and Defendants to

2

determine the extent of liability on Defendants' personal guaranty. Such a question should not be resolved in the case's current posture, but in further proceedings on dispositive motions after further and fuller briefing. This one factor is determinative of Defendants' motion in spite of what the Court views as a considerable lack of diligence by Defendants in defending this lawsuit. Although Plaintiffs have incurred some expense and inconvenience in having to oppose Defendants' motion to set aside the defaults, they will suffer no prejudice from a ruling in Defendants' favor, other than the prejudice any plaintiff experiences from litigating a case on the merits. To do justice in this case requires vacating the Clerk's entries of default against Defendants and proceeding to resolve the case on its merits.

Plaintiffs have, not unreasonably, asked this Court to award it its costs and fees in opposing this matter. They have, less reasonably, requested an award of costs and fees in filing a motion for entry of default, which required minimal preparation, and in preparing an unfiled motion for entry of default judgment. The Court will award Plaintiffs their costs and fees in opposing the present motion to vacate the entries of default as a sanction less drastic than denying Defendants' motion. *See Colleton*, 616 F.3d at 418 (suggesting less drastic sanction of award of costs and fees to oppose motion); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 4th Cir. 1987) (similar). Plaintiffs may submit a bill of costs and fees, along with supporting documentation, *see Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243-46 (4th Cir. 2009) (evaluating claim of attorney's fees based on inadequate documentation), for the Court's consideration.

Accordingly, it is hereby ORDERED:

1. Defendants' motion to vacate the entries of default (ECF No. 18) is GRANTED.

2. The Clerk's entries of default (ECF Nos. 7, 9) are VACATED.

3. Defendant Sheppard's motion for extension of time (ECF No. 16) is GRANTED.

3

4. Defendants shall RESPOND to Plaintiffs' complaint within 21 days of this order.

5. The Clerk shall AMEND the docket to reflect the correct spelling of Defendant Sheppard's surname.

6. Plaintiffs may submit to the Court a bill of fees and costs in opposing Defendants' motion to vacate the entries of default, and Defendants may respond thereto within 14 days of its filing.

DATED this _12_ day of September, 2013.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge