IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LBCMT 2007-C3 URBANA PIKE, LLC, *et al.*, | * |
| Plaintiffs | * |
| v. | CIVIL NO. JKB-12-3056 |
| ERIC D. SHEPPARD *et al.*, | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiffs' motion to strike Defendants' affirmative defenses (ECF No. 49), Plaintiffs' motion to compel Defendant Eric Sheppard's responses to the first set of interrogatories (ECF No. 60), and Plaintiffs' motion to compel Defendant Philip Wolman's discovery responses (ECF No. 63). The first two motions have been briefed (ECF Nos. 52, 53, 64, 65), while the third received no response from Defendant Wolman. No hearing is required. Local Rule 105.6 (D. Md. 2014). The motion to strike will be denied, the motion to compel Defendant Sheppard's responses shall be found moot but Plaintiffs will be awarded costs in connection with the motion, and the motion to compel Defendant Wolman's responses will be granted.

*I. Motion to Strike*

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fourth Circuit has stated,

> Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990). Nevertheless, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Id.* § 1381 at 665.

*Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In *Waste Management*, the Court affirmed the district court's decision to grant a Rule 12(f) motion and to strike an affirmative defense that had no legal precedent in the context of that case. But courts generally refrain from striking affirmative defenses in the absence of a showing that, by not doing so, the movant would be unfairly prejudiced. *See Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 592 (D. Md. 2013).

Plaintiffs have failed to show they are entitled to the "drastic remedy" permitted by Rule 12(f). They have not shown that any of Defendant's affirmative defenses "'might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action,'" nor have they shown unfair prejudice. The reference in *Federal Practice & Procedure* to "the facts alleged," as quoted in *Waste Management*, *supra*, undoubtedly refers to the facts alleged by Plaintiffs in their complaint. However, Plaintiffs here have premised their motion under Rule 12(f) on the standard applied to motions under Rule 12(b)(6) or 12(c) seeking dismissal for failure to state a claim for relief, and they have sought to have affirmative defenses judged under the same standard. The latter standard is well known:

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

As of this date, neither the Supreme Court nor the Fourth Circuit has applied the *Twombly-Iqbal* standard of Rule 8(a) to either defenses or affirmative defenses under Rule 8(b) or (c), respectively. The undersigned recognizes that some of the other judges in this district have done so,[1] but finds the view expressed by Judge Williams in *Lockheed Martin* more persuasive and more in keeping with the wording of Rule 8(a), as interpreted in the *Twombly* and *Iqbal* cases. A plaintiff's complaint invokes the jurisdiction of the court and seeks affirmative relief. An affirmative defense does neither; consequently, it is reasonable to interpret the

---

[1] *See Alston v. Equifax Information Services, LLC*, Civ. No. GLR-13-0934, 2014 WL 580148, at *2 (D. Md. Feb. 11, 2014) (Russell, J.); *Blind Indus. and Servs. of Md. v. Route 40 Paintball Park*, Civ. No. WMN–11–3562, 2012 WL 2946688, at *3 (D. Md. July 17, 2012) (Gallagher, J.); *Aguilar v. City Lights of China Restaurant, Inc.*, Civ. No. DKC 11–2416, at *1-4 (D. Md. Oct. 24, 2011) (Chasanow, J.); *Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, Civ. No. ELH–10–02091, 2011 WL 631145, at *14 (D. Md. Feb. 11, 2011) (Hollander, J.); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536–37 (D. Md. 2010) (Bennett, J.); *Topline Solutions, Inc. v. Sandler Sys., Inc.*, Civ. No. L–09–3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010) (Legg, J.).

In other cases in this district, the same argument made here by Plaintiffs was raised but either not squarely addressed or not endorsed by the presiding judge. *See Advanced Pain Mgmt. Servs., LLC v. Wadhwa*, Civ. No. MJG-12-3579, 2014 WL 253401, at *1 (D. Md. Jan. 22, 2014) (Garbis, J.); *GN Hearing Care Corp. v. Advanced Hearing Ctrs., Inc.,* Civ. No. WDQ–12–3181, 2013 WL 4401230, at *1 (D. Md. Aug. 14, 2013) (Quarles, J.); *Sprint Nextel Corp. v. Simple Cell, Inc.,* Civ. No. CCB–13–617, 2013 WL 3776933, at *9 (D. Md. July 17, 2013) (Blake, J.); *Util. Line Servs., Inc. v. Wash. Gas Light Co.,* Civ. No. PWG–12–3438, 2013 WL 3465211, at *6–7 (D. Md. July 9, 2013) (Grimm, J.); *Piontek v. Serv. Ctrs. Corp.,* Civ. No. PJM 10–1202, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010) (Messitte, J.).

wording of Rule 8(b) and (c), which govern defenses and affirmative defenses, differently from the interpretation given by the Supreme Court to the distinctive wording of Rule 8(a) applicable to claims for relief. Rule 8(a)'s more demanding principle is better applied to claimants who have had significant time to craft their claims. Applying the same principle to defendants unfairly places on them too substantial a burden too early in the litigation process. Accordingly, the Court holds that the *Twombly-Iqbal* standard does not apply to affirmative defenses.

This is not to say, however, that litigants and their attorneys should feel free to recite in their answers a litany of irrelevant and unsupported affirmative defenses. Such is sanctionable conduct under Rule 11, which requires the person signing or filing any paper presented to the Court to implicitly certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the . . . defenses . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Thus, even though the Court has concluded that *Twombly-Iqbal* is inapplicable to affirmative defenses, attorneys, and *pro se* litigants where appropriate, are still held to a basic standard of accountability for the contents of their court papers.

As a final point on the motion to strike, the Court finds unpersuasive Plaintiffs' alternative argument that other courts in similar cases have "rejected the very same defenses on multiple occasions in the past 12 months." (Pls. Mot. Strike 1, ECF No. 49.) Whatever other courts have done when faced with specific factual circumstances before them does not govern what the Court here decides as to the case before it. The motion to strike is denied.

## II.  Motion to Compel Sheppard's Responses to Interrogatories

In their Local Rule 104.7 Certificate accompanying their motion to compel, Plaintiffs state that as of the filing date (August 19, 2014), Sheppard had not responded to Plaintiffs' interrogatories.  (ECF No. 60-1.)  Sheppard's response concedes that he did not provide his responses to Plaintiffs' interrogatories until August 25, 2014.  (Def.'s Opp'n ¶ 3, ECF No. 64.)

Federal Rule of Civil Procedure 37(a)(5)(A) fairly mandates the result in such a circumstance:

> If the motion [to compel] is granted—or if the . . . requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.
>
> But this rule further states that such payment must not be ordered in three circumstances:
>
> (i)  the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

The motion's supporting exhibits and Local Rule 104.7 Certificate negate any reliance by Sheppard on the first circumstance.  Those show that the interrogatories were served on June 6, 2014 (Pls.' Mot. Ex. A), and that Sheppard's counsel requested and received an extension of time to answer them by August 6 (Ex. B).  The Certificate indicates Sheppard's counsel contacted Plaintiffs' counsel on August 6 and indicated the responses would be forthcoming early the following week.  (Certificate ¶ 1.)  Plaintiffs' counsel followed up August 15 by emailing Sheppard's counsel to confirm their telephone conversation earlier the same day in which it was acknowledged that Sheppard's responses still had not been provided; Plaintiffs' counsel also stated it was necessary to file a motion to compel.  (Ex. C.)  In the Certificate,

Plaintiffs' counsel states that during the August 15 conversation, Sheppard's counsel "was unable to provide any information about when her client would respond, or the cause of his noncompliance." (Certificate ¶ 2.) Plaintiffs' counsel clearly attempted in good faith to resolve the issue without court action.

Sheppard has made no argument that his lack of response was substantially justified. *See* Rule 37(a)(5)(A)(ii). Thus, it is necessary to determine if any other circumstances make an award of expenses unjust under Rule 37(a)(5)(A)(iii). Sheppard argues that he just needed a bit more time to respond and, therefore, it would be unjust to require him to pay Plaintiffs' costs of moving to compel. (Def.'s Opp'n 3.) This position is unreasonable. Sheppard had already received a substantial extension of thirty days beyond the usual response time to interrogatories. Further, his counsel, on the agreed-upon, extended due date, indicated that responses would be forthcoming early the following week. But at the end of the following week, with no responses having been served, Sheppard's counsel could offer no information as to when Sheppard would comply. Sheppard's counsel was forewarned that Plaintiffs regarded a motion to compel as their only choice, but the responses were only served after the motion to compel was filed. Thus, it must be concluded that the motion was necessary to achieve what Plaintiffs' counsel had, in good faith, sought earlier through informal means, *i.e.*, Sheppard's responses to interrogatories. Consequently, an award of costs incurred in making the motion, including attorney's fees, is appropriate.

Plaintiffs' motion also seeks a ruling that Sheppard has waived all objections to the interrogatories. The eventual responses should not be viewed in such a harsh light, and that request is denied.

The Court notes that Plaintiffs' reply to Sheppard's opposition seeks to add another argument that has not been fully briefed, especially in light of the Court's present denial of Plaintiffs' motion to strike affirmative defenses. Specifically, Plaintiffs argue that some of Sheppard's belated responses are "boilerplate." (Pls.' Reply 1, ECF No. 65.) Hence, they assert that his allegedly unresponsive answers to certain interrogatories support their motion to strike. (*Id.* 3.) However, Plaintiffs' argument is misdirected. At an appropriate point, they can move for summary judgment and, if applicable, point to the lack of evidence supporting the affirmative defenses. Such an argument is not now properly before the Court.

Although the motion to compel Sheppard's responses is now moot, an award, as earlier described, is justified. Plaintiffs may file and serve upon Sheppard their itemized request for costs, and he is free to file his response as to the reasonableness of that request.

### *III. Motion to Compel Wolman's Responses to Discovery Requests*

In the last motion to be considered now, Plaintiffs have asked the Court to compel Defendant Wolman to respond to their first set of interrogatories, their first set of requests for production of documents, and their first set of requests for admission. (ECF No. 63.) It is noted that Wolman is proceeding *pro se*. Previously, he was represented by Defendant Sheppard's counsel, but she was permitted to withdraw from her representation of Wolman. (ECF No. 59.) This occurred on August 6, the same day his discovery responses were due, in keeping with counsel's earlier negotiation of extension of time that had also applied to Sheppard. The Court notes, too, that Wolman was duly notified of his former counsel's anticipated withdrawal, in accordance with the Court's Local Rules. Plaintiffs' motion indicates that Wolman was served with the discovery requests on June 6 through counsel. (Pls.' Mot. 1; Ex. A, B, and C, ECF No. 63.) The Local Rule 104.7 Certificate also indicates that Wolman's former counsel provided

to Plaintiffs' counsel the name of another lawyer who might be a contact for Wolman, and that lawyer—who has not entered an appearance in the case—was twice contacted, but ultimately provided no information helpful to resolving Wolman's lack of response to discovery requests. (Certificate ¶¶ 1-3.) The motion was served directly upon Wolman at two different addresses, presumably, a business address and a residential address. (Pls.' Mot. Certificate of Service.) He filed no opposition.

The Court concludes that Plaintiffs made efforts in good faith to resolve the matter, short of seeking court action. Wolman's complete failure to respond to Plaintiffs' discovery requests justifies an order compelling him to respond and an award of costs, including attorney's fees, against him. Additional sanctions may be imposed if the Court's order does not result in Wolman's compliance with his discovery duties. *See* Fed. R. Civ. P. 37(b)(2)(A).

## *IV. Conclusion*

Plaintiffs' motion to strike affirmative defenses (ECF No. 49) is without merit and is DENIED. Plaintiffs' motion to compel Sheppard's discovery responses (ECF No. 60) is MOOT because Sheppard eventually provided the responses. However, the Court AWARDS Plaintiffs their costs incurred in making the motion. Plaintiffs may file and serve upon Sheppard their itemized request for costs. Plaintiffs' motion to compel Wolman's discovery responses (ECF No. 63) is GRANTED. Defendant Wolman is hereby ORDERED TO SERVE his responses to Plaintiffs' discovery requests within fourteen days of the date of this order. The Court AWARDS Plaintiffs their costs incurred in making the motion. Plaintiffs may file and serve upon Wolman their itemized request for costs. Any other requested relief sought by Plaintiffs is denied without prejudice. The Clerk shall MAIL a copy of this memorandum and order to Defendant Wolman at the following two addresses:

Philip Wolman
c/o WSG Development Company
400 Arthur Godfrey Road, Suite 200
Miami Beach, FL  33140

Philip Wolman
160 Casuarina Concourse
Coral Gables, FL  33143

Defendant Wolman is reminded that he is required to keep a current address on file with the Court and that failure to do so may result in a default judgment against him.  *See* Local Rule 102.b.iii.

DATED this 1st day of October, 2014.

                                                    BY THE COURT:

                                                    _____/s/_____
                                                    James K. Bredar
                                                    United States District Judge